## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDINGS COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al.,<br>Plaintiff,<br>vs.<br><br>THE UNITED STATES PHARMACOPEIAL CONVENTION, INC.,<br><br>Defendant | Adv. Proc. No. 25-50212 (KBO) |

## ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

The defendant, The United States Pharmacopeial Convention, Inc. ("USP"), for its Answer (the "Answer") to the Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint"), filed by the plaintiff George Miller, in his capacity as Chapter 7 Trustee (the "Plaintiff") of the bankruptcy estates of Akorn Holding Company LLC, et al., in the above-captioned adversary case ("Action"), states as follows:

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC ( 6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.  08736.

## NATURE OF THE CASE

1.      The allegations of Paragraph 1 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 1.

2.      The allegations of Paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3.      The allegations of Paragraph 3 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 3.

4.      The allegations of Paragraph 4 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 4.

5.      The allegations of Paragraph 5 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 5.

6.      The allegations of Paragraph 6 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 6.

7.      The allegations of Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 7.

8.     The allegations of Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 8.

## THE PARTIES

9.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint, and on that basis, denies the allegations.

10.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint, and on that basis, denies the allegations.

11.      USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint, and on that basis, denies the allegations.

## BACKGROUND

12.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint, and on that basis, denies the allegations.

13.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint, and on that basis, denies the allegations.

14.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint, and on that basis, denies the allegations.

15.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint, and on that basis, denies the allegations.

16.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint, and on that basis, denies the allegations.

17.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint, and on that basis, denies the allegations.

18.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint, and on that basis, denies the allegations.

19.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint, and on that basis, denies the allegations.

20.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint, and on that basis, denies the allegations.

21.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint, and on that basis, denies the allegations.

22.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint, and on that basis, denies the allegations.

23.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint, and on that basis, denies the allegations.

24.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint, and on that basis, denies the allegations.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preferential Transfers - 11 U.S.C. § 547)**

25.     USP incorporates its responses to all preceding paragraphs as if fully set forth herein.

26.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint, and on that basis, denies the allegations.

27.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint, and on that basis, denies the allegations.

28.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint, and on that basis, denies the allegations.

29.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Complaint, and on that basis, denies the allegations.

30.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the Complaint, and on that basis, denies the allegations.

31.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint, and on that basis, denies the allegations.

32.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint, and on that basis, denies the allegations.

33.     The allegations of Paragraph 33 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 33.

34.     The allegations of Paragraph 34 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 34.

35.     The allegations of Paragraph 35 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 35.

## COUNT II
### (Avoidance of Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(B))

36.     USP incorporates its responses to all preceding paragraphs as if fully set forth herein.

37.     The allegations of Paragraph 37 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 37.

38.     USP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint, and on that basis, denies the allegations.

## COUNT III
### (Recovery of Property - 11 U.S.C. § 550)

39.     USP incorporates its responses to all preceding paragraphs as if fully set forth herein.

40.     The allegations of Paragraph 40 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 40.

41.     The allegations of Paragraph 41 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 41.

42.     The allegations of Paragraph 42 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 42.

## COUNT IV
### (Disallowance of Claims - 11 U.S.C. § 502)

43.     USP incorporates its responses to all preceding paragraphs as if fully set forth herein.

44.     The allegations of Paragraph 44 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 44.

45.     The allegations of Paragraph 45 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 45.

46.     The allegations of Paragraph 46 of the Complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, USP denies the allegations of Paragraph 46.

**WHEREFORE**, based on the foregoing, any alleged transfers by the Plaintiff are not recoverable.  USP requests that the Court deny the Plaintiff's requests for relief and award USP such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees and costs incurred in the defense of this Action.

## AFFIRMATIVE AND OTHER DEFENSES

1.     USP sets forth below its affirmative and other defenses.  By setting forth the below defenses, USP does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters, or that the Plaintiff is relieved of their burden to prove each and every element of its claims and alleged damages, if any, to which the Plaintiff believes it is entitled.  USP also hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery and other pretrial proceedings in this Action, and hereby reserves the right to amend this Answer and assert such defenses.

## FIRST AFFIRMATIVE DEFENSE

2.     The Complaint fails to state a claim upon which relief can be granted and fails to state facts sufficient to constitute a claim against USP pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6) and other applicable law.  USP contends that the Plaintiff was never insolvent at a time when any payment to USP, from the Plaintiff, occurred.  For example, the Plaintiff fails to

identify the nature of payments or obligations in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

3.      The Plaintiff may not avoid the alleged payments to USP as such alleged payments were intended to be a contemporaneous exchange for new value given to the Debtor and were in fact a substantially contemporaneous exchange pursuant to section 547(c)(1) of the Bankruptcy Code, 11 U.S.C. § 547(c)(1).

## THIRD AFFIRMATIVE DEFENSE

4.      The Plaintiff may not avoid the alleged payments to USP as such alleged payments were made in payment of debts incurred by the Plaintiff in the ordinary course of business or financial affairs of the Plaintiff and USP; were made in the ordinary course of business or financial affairs of the Plaintiff and USP; and/or were made according to ordinary business terms, and accordingly are not avoidable pursuant to section 547(c)(2) of the Bankruptcy Code, 11 U.S.C. § 547(c)(2).

## FOURTH AFFIRMATIVE DEFENSE

5.      The Plaintiff may not avoid the alleged payments made to USP to the extent USP gave new value to or for the benefit of the Plaintiff which was not secured by an otherwise unavoidable security interest and on account of which new value the Plaintiff did not make an otherwise avoidable transfer to or for the benefit of USP pursuant to section 547(c)(4) of the Bankruptcy Code, 11 U.S.C. § 547(c)(4).

## FIFTH AFFIRMATIVE DEFENSE

6.      The Plaintiff may not avoid any alleged fraudulent conveyances to USP to the extent that USP received any such transfer in good faith and gave reasonably equivalent value to the Plaintiff in exchange for such payment, pursuant to 11 U.S.C. § 548(c).

## SIXTH AFFIRMATIVE DEFENSE

7.     The Plaintiff are estopped from asserting their claims because the transactions complained of benefited the Plaintiff and were affirmed and completed with the Plaintiff's knowledge, agreement or acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

8.     Although USP denies that it owed any amounts to the Plaintiff, in the event the Court determines that amounts are due to the Plaintiff from USP, that amount should be offset by any amount determined due to USP from the Plaintiff in connection with the same transactions and occurrences.

## EIGHTH AFFIRMATIVE DEFENSE

9.     The alleged transfers which are the subject of the Complaint may not be recovered by the Plaintiff pursuant to § 550 of the Bankruptcy Code to the extent USP acted in good faith, and gave value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided, pursuant to 11 U.S.C. § 550(b).

## NINTH AFFIRMATIVE DEFENSE

10.     To the extent any executory contract which formed the basis of the alleged transfer from the Plaintiff to USP was assumed pursuant to 11 U.S.C. § 365 by the Plaintiff and/or its estate, the Plaintiff may not avoid the alleged transfer.

## TENTH AFFIRMATIVE DEFENSE

11.     The alleged preferential transfer funds of which the Plaintiff seeks to recover were never the property of the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

12.     To the extent any funds the Plaintiff is seeking to recover are subject to governing documents or agreements limiting the use of such funds in any way, including, but not limited to, segregation of assets and liabilities, the Plaintiff is estopped from using the funds in a manner contrary to such governing documents or agreements.

### TWELFTH AFFIRMATIVE DEFENSE

13.     The Plaintiff's claims are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

14.     The Complaint, and each and every alleged claim for relief set forth therein, is barred and/or recovery is limited or excluded based on the doctrine of unclean hands.

### RESERVATION OF ALTERNATIVE DEFENSES

15.     USP reserves the right to assert further affirmative defenses and to amend its Answer in the future in the event discovery or further proceedings indicate such additional defenses would be appropriate.

### PRAYER FOR RELIEF

**WHEREFORE**, the USP respectfully requests that this Court enter an Order: (i) granting the relief USP requests; (ii) dismissing the Complaint and the relief requested; (iii) directing the Plaintiff to bear USP's costs and fees incurred in defending this Action; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: June 25, 2025                              BLAKELEY LC

                                        By:   /s/ Scott E. Blakeley_____
                                              Scott E. Blakeley (CA Bar No. 141418)
                                              Blakeley LC
                                              530 Technology Drive, Suite 100
                                              Irvine, CA 92618
                                              Phone: 949-260-0611

SEB@BlakeleyLC.com
(*Pro Hac Vice Application Forthcoming)

-and-

Christopher D. Loizides (DE Bar No. 3968)
Loizides, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Phone: 302-654-0248
loizides@loizides.com

Attorneys for Defendant The United States
Pharmacopeial Convention, Inc.